IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TINA M. BROWNING,

        Plaintiff,

v.                                            CIVIL ACTION NO.   2:11-cv-00786

BIG LOTS STORES, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant, Big Lots Stores, Inc.'s Motion to Dismiss Counts II and III of the Complaint [Docket 4].   For the reasons discussed below, this motion is **DENIED in part and GRANTED in part**.

    **I.**        **Background**

This action was originally filed in the Circuit Court of Kanawha County, West Virginia. The complaint alleges that on August 3, 2010, the plaintiff fell over a rug or mat in the defendant's Store No. 378.   Count One of the complaint asserts a claim for negligence.   Count Two of the complaint refers to gross negligence.   Count Three of the complaint contains assertions labeled "Negligence and/or Gross Negligence Imputed to Employer (Respondeat Superior.)"

The defendant removed the action to this court on the basis of 28 U.S.C. § 1441 and 28 U.S.C. § 1332.   The defendant filed the instant motion, seeking to dismiss Counts Two and Three of the plaintiff's complaint.   The plaintiff has not filed a response, and the time for doing so has passed.   This motion is now ripe for review.

## II.     Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).   A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible."  *Id.*

### III.    Discussion

In this case, the defendant asserts that Counts Two and Three of the plaintiff's complaint must be dismissed because they are pled in the form of hypothetical factual allegations.

#### a. Count Two

Count Two of the complaint alleges that "should information and evidence be obtained throughout discovery in this matter prove that Defendant possessed prior knowledge of the unreasonably dangerous hazard created by the subject rug, and nonetheless consciously opted not to repair or otherwise provide notice to its patrons of this hazard, Plaintiff hereby reserves the right to advance a theory of Gross Negligence in light of the same."  (Compl. ¶ 14 [Docket 1-1].) Count Two goes on to state that "Should the conduct of Defendant be shown upon the conclusion of discovery to have been willful, wanton, and reckless, so as to constitute gross negligence, Plaintiff is entitled to punitive damages upon Defendants gross negligence."  (Compl. ¶ 17.)

The defendant asserts that this count must be dismissed because it is pled in the form of a hypothetical factual allegation.   The plaintiff has not provided a response to the motion to dismiss, and a review of the complaint itself demonstrates that the facts pled in the complaint are insufficient to nudge the claim across the line from conceivable to plausible.  *Iqbal*, 129 S. Ct. at 1949-50.  The plaintiff has provided only a formulaic recitation of the elements of the cause of action.  The complaint does not allege that the defendant's conduct was willful, wanton, and reckless, nor does it plead any facts that would support such an allegation.   Accordingly, the court

**FINDS** that Count Two of the plaintiff's complaint fails to state a claim upon which relief may be granted, and **ORDERS** that Count Two is hereby **DISMISSED**.

### b. Count Three

Count Three of the plaintiff's complaint is labeled "Negligence and/or Gross Negligence Imputed to Employer (Respondeat Superior)", and alleges: "Plaintiff was injured as a result of one or more of the following: 1) the improper placement of the subject rug/mat; 2) the improper maintenance of the subject mat/rug; 3) the improper alteration and/or improper raising of the subject rug/mat above floor level by the employee and/or manager of the subject Big Lots Store No. 378 while said employee and/or manager was working within the scope of his or her employment for Defendant." (Compl. ¶ 19.) Count Three goes on to state that "should the conduct and negligence of said employee/manager of Big Lots Stores No. 378 be shown to have been conducted with prior knowledge or other factor rendering the same a willful, wanton, and or reckless constitute rising to the level of gross negligence, Plaintiff hereby demands punitive damages." (Compl. ¶ 22.)

The Federal Rules of Civil Procedure explicitly permit alternative pleading. Federal Rule 8(d)(2) states: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." FED. R. CIV. P. 8(d)(2).

In this case, the plaintiff has alleged that the plaintiff was injured in the defendant's store. She has asserted that her injury was caused by the defendants' failure to properly maintain the rug in the store's entry way. She asserts that, as a result of the defendant's failure, she fell and

seriously injured herself. She has further alleged that her injuries resulted from the negligence of an employee of the defendant who was acting within the scope of his or her employment.

For the reasons discussed above, the court **FINDS** that the plaintiff's complaint states a claim upon which relief may be granted. The plaintiff has pled facts sufficient to nudge her claims across the line from conceivable to plausible. *Iqbal*, 129 S. Ct. at 1949-50. Under the federal rules, the fact that the plaintiff has pled alternative theories is not fatal to her complaint. FED. R. CIV. P. 8(d)(2). Accordingly, the defendant's motion to dismiss Count III is **DENIED**.

For the reasons discussed above, the Motion to Dismiss is **GRANTED** with respect to Count II of the plaintiff's complaint and **DENIED** with respect to Count III of the plaintiff's complaint.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      May 21, 2012

                *[signature]*
                Joseph R. Goodwin, Chief Judge